0UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | | |
|---|---|---|
| RARE BREED DISTILLING LLC | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:11-cv-292-H |
| | ) | |
| JIM BEAM BRANDS CO. | ) | |
| | ) | |
| **Serve:** Registered Agent | ) | |
| United States Corporation Company | ) | |
| 421 West Main Street | ) | |
| Frankfort, KY  40601 | ) | |
| | ) | |
| DEFENDANT | ) | |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Rare Breed Distilling LLC for its Complaint against Defendant Jim Beam Brands Co. ("Jim Beam") states as follows:

## PRELIMINARY STATEMENT

1.      This is an action brought pursuant to the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, and the common law of the Commonwealth of Kentucky for trademark infringement, false designation of origin, deceptive acts and practices, and unfair competition arising from Jim Beam's use of the GIVE 'EM THE BIRD trademark in connection with its Old Crow bourbon whiskey.

2.      Since at least 2006, Plaintiff Rare Breed and its predecessor (collectively "Plaintiff") have used the mark GIVE THEM THE BIRD (which by 2009 had evolved to GIVE 'EM THE BIRD) in connection with Wild Turkey® bourbon whiskey products.

3.      Four (4) years after Plaintiff had begun use of the GIVE THEM ['EM] THE BIRD mark, Jim Beam embarked on a campaign to unfairly entice consumers to purchase its Old Crow bourbon whiskey by using the identical mark in connection with its Old Crow bourbon whiskey. By doing this, Jim Beam deceives consumers into associating Jim Beam's Old Crow bourbon whiskey products with Plaintiff's Wild Turkey® bourbon whiskey products.

4.      Jim Beam's unlawful conduct is causing and will continue to cause harm to Plaintiff.  In particular, consumers encountering Jim Beam's use of the GIVE 'EM THE BIRD mark in connection with its Old Crow bourbon whiskey products will believe that those products are associated with Plaintiff and its famous Wild Turkey® brand, or are sponsored and/or authorized by Plaintiff.  If not enjoined, this conduct will undermine the goodwill Plaintiff spent years carefully cultivating for the Wild Turkey® brand and the GIVE 'EM THE BIRD mark.

## PARTIES

5.      Plaintiff Rare Breed Distilling LLC is a limited liability company organized under the laws of Delaware having its principal place of business in Kentucky at its principal distillery operation located at 1525 Tyrone Road in Lawrenceburg, Kentucky.

6.      Defendant Jim Beam Brands Co. is a corporation organized under the laws of Delaware having its principal place of business in Chicago, Illinois.

## JURISDICTION

7.      This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331, inasmuch as this action arises under the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 inasmuch as they are related to the claims in the action within the Court's original jurisdiction and form part of the same case or controversy.

8.     Jim Beam and its predecessors have for many years maintained a distillery operation in Clermont, Bullitt County, Kentucky, giving it extensive ties to this state and this District that permit this Court to exercise personal jurisdiction over Jim Beam.

## VENUE

9.     Venue is proper in this District under 28 U.S.C. § 1391(b) because substantial instances of infringement and unfair competition have occurred in the Louisville Division of this District and under 28 U.S.C. § 1391(c) because Jim Beam resides in this District by virtue of being subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

10.     Plaintiff is in the business of producing, marketing, distributing, and exporting its line of premium Kentucky bourbon whiskeys and liqueurs, including its famous Wild Turkey® bourbon whiskey products.  Plaintiff takes pride in the widespread public recognition of its brand and the high quality of its products.

11.     Plaintiff is the owner of numerous common law and federally-registered trademarks that it uses in connection with its Wild Turkey brand products, including U.S. Registration No. 513549, which issued in 1949, for use of the Wild Turkey mark in connection with whiskey.

12.     At least as early as 1977, Plaintiff used the mark THE BIRD to identify Wild Turkey® bourbon whiskey, as evidenced by U.S. Registration No. 1116454 for the mark THE BIRD IS THE WORD wherein the words "THE BIRD" identify Wild Turkey® bourbon whiskey (Exhibit A).

13.     Beginning no later than the first calendar quarter of 2006, Plaintiff used the mark THE BIRD to identify its Wild Turkey® bourbon whiskey in a national print advertising

campaign featuring the marks GIVE THEM THE BIRD (Exhibit B) and THE ONLY TIME TO GIVE A BIKER THE BIRD (Exhibit C).  The national print campaign continued into 2007 with the mark GIVE THEM THE BIRD, and the mark THE ONLY TIME TO GIVE A BIKER THE BIRD was featured in a national advertising campaign in 2008.

14.    Plaintiff continued its use of the GIVE THEM THE BIRD mark in 2009, slightly modified to the form GIVE 'EM THE BIRD, in connection with its title sponsorship of the National Turkey Calling Championships held by the National Wild Turkey Federation ("NWTF") at its national convention.  In conjunction with this sponsorship, Plaintiff made promotional items emblazoned with the GIVE 'EM THE BIRD mark available to the more than 30,000 attendees of the NWTF's national convention drawn from its local chapters located in every state (*see* Exhibit D).

15.    Plaintiff thereafter built on the goodwill it had created in the GIVE 'EM THE BIRD mark by updating its product labeling and marketing materials to feature the mark more prominently.  Plaintiff has invested significant resources in the development of this mark for its flagship Wild Turkey® bourbon whiskey products and will launch a new campaign within the next few weeks.

16.    Plaintiff also used the mark THE BIRD as part of its SHOOT THE BIRD mark. Since January 2009, Plaintiff has used the SHOOT THE BIRD mark on a number of promotional items available to visitors of the Wild Turkey Visitor Center, which is visited by 35,000 people per year from all across the United States and the world.  In 2010, Plaintiff also featured the SHOOT THE BIRD mark on promotional items distributed to attendees of 2010 NWTF national convention in Nashville, Tennessee.  Examples of promotional items bearing the Shoot The Bird mark are shown in Exhibit E.

17.     Despite Plaintiff's established usage of the marks THE BIRD and GIVE 'EM THE BIRD since 2006, in 2010 Jim Beam chose to adopt the identical marks for use in connection with its Old Crow bourbon whiskey products and filed a still pending application to register the GIVE 'EM THE BIRD mark with the United States Patent and Trademark Office on March 4, 2010 (Serial No. 77950879).

18.     Upon learning of Jim Beam's adoption and use of the GIVE 'EM THE BIRD mark, Plaintiff contacted Jim Beam in October, 2010 to advise of its prior rights and request that Jim Beam cease use of the GIVE 'EM THE BIRD mark (Exhibit F).

19.     Jim Beam thereafter refused to acknowledge Plaintiff's prior rights to the GIVE 'EM THE BIRD mark and has continued to use the mark on its website at www.oldcrowreserve.com (Exhibit G) and point of sale advertising materials for its Old Crow bourbon whiskey (Exhibit H) and to prosecute its application to register the mark.

**COUNT I:  Federal Trademark Infringement and Unfair Competition.**

20.     Each of the foregoing paragraphs of this Complaint is hereby incorporated in this claim by reference.

21.     In connection with its Old Crow bourbon whiskey products, Jim Beam has reproduced and used Plaintiff's common-law trademarks THE BIRD and GIVE 'EM THE BIRD ("Plaintiff's Marks").

22.     Through its unauthorized use of Plaintiff's Marks, Jim Beam has created the false impression that its Old Crow bourbon whiskey products are affiliated with, sponsored by, or approved by Plaintiff.  Jim Beam's continued use of Plaintiff's Marks is likely to confuse and deceive consumers and purchasers of bourbon whiskey products.

23.     Jim Beam's use of Plaintiff's Marks constitutes a violation of 15 U.S.C. § 1125.

24.    Jim Beam's unauthorized use of Plaintiff's Marks has damaged and is likely to continue to damage the goodwill that Plaintiff has amassed in Plaintiff's Marks.

25.    Unless Jim Beam is enjoined from such unauthorized use of Plaintiff's Marks, Plaintiff will suffer irreparable injury for which there is no adequate remedy at law.

## COUNT II:  Common Law Unfair Competition.

26.    Each of the foregoing paragraphs of this Complaint is hereby incorporated in this claim by reference.

27.    Jim Beam's actions constitute false designations, descriptions, and representations.

28.    Jim Beam's actions have created the false impression that its Old Crow bourbon whiskey products are affiliated with or sponsored or approved by Plaintiff.

29.    Jim Beam's actions constitute a violation of the common law of the Commonwealth of Kentucky.

## COUNT III:  Punitive Damages

30.    Each of the foregoing paragraphs of this Complaint is hereby incorporated in this Count by reference.

31.    Jim Beam's actions as set forth in this Complaint were willful, intentional, malicious, and oppressive and entitle Plaintiff to exemplary and punitive damages pursuant to KRS 411.184.

**WHEREFORE**, Plaintiff prays for relief as follows:

1.    An Order permanently enjoining Defendant Jim Beam and its officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with them, from using the Plaintiff's Marks and any other marks that are confusingly similar to Plaintiff's Marks in connection with Old Crow bourbon whiskey or any other beverage alcohol product;

2.      An Order requiring that Defendant Jim Beam deliver for destruction all tangible items, including, but not limited to, all signs, labels, brochures, stationery, business cards, prints, packages, wrappers, receptacles and advertisements in their possession that utilize Plaintiff's Marks, along with all plates, molds, matrices, and other means of making same;

3.      An Order requiring Defendant Jim Beam to take any other action reasonably necessary to prevent any false impression that the Old Crow bourbon whiskey product is affiliated with or sponsored or approved by Plaintiff;

4.      An Order requiring Defendant Jim Beam to provide a full accounting of all revenues, receipts, and sales related to its use of Plaintiff's Marks;

5.      An Order requiring Jim Beam to abandon its application to register the GIVE 'EM THE BIRD mark, Serial No. 77950879, or any registration that may issue therefrom during the pendency of this action;

6.      In the event that a registration for the GIVE 'EM THE BIRD mark issues to Jim Beam from Serial No. 77950879, an Order cancelling the registration of the mark;

7.      An award against Defendant Jim Beam for Plaintiff's actual damages pursuant to 15 U.S.C. § 1117;

8.      An award of treble damages against Defendant Jim Beam pursuant to 15 U.S.C. § 1117;

9.      An award against Defendant Jim Beam for all profits that it realized from the Old Crow bourbon whiskey product while using the infringing GIVE 'EM THE BIRD mark pursuant to 15 U.S.C. § 1117;

10.     An award against Defendant Jim Beam for exemplary and punitive damages in an amount to be determined by the Court;

11.     An award against Defendant Jim Beam for Plaintiff's court costs, including its attorney's fees, pursuant to 15 U.S.C. § 1117;

12.     An award to Plaintiff of interest on any judgment rendered in this action; and

13.     Any further relief to which Plaintiff may appear entitled.

Respectfully submitted,

s / Matthew A. Williams
Byron E. Leet
bleet@wyattfirm.com
Lisa C. DeJaco
ldejaco@wyattfirm.com
Matthew A. Williams
mwilliams@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street
Suite 2800
Louisville, Kentucky  40202-2898
Phone:  (502) 562-7378

***Counsel for Plaintiff, Rare Breed
Distilling LLC***

60019071.2